18-2588-ag
Omorodion v. Garland

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-two.

PRESENT: RAYMOND J. LOHIER, JR.,
　　　　　　SUSAN L. CARNEY,
　　　　　　ALISON J. NATHAN,
　　　　　　　　*Circuit Judges.*
-----------------------------------------------------------------
NEKPEN NIL OMORODION, AKA NEKREN OMORODION,

　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　　　　　18-2588-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

　　　　*Respondent.*
-----------------------------------------------------------------

FOR PETITIONER:                    THOMAS E. MOSELEY, Law
                                   Offices of Thomas E. Moseley,
                                   Newark, NJ

FOR RESPONDENT:                    ROBERT PAUL COLEMAN, III,
                                   Trial Attorney, James A.
                                   Hurley, Attorney, Office of
                                   Immigration Litigation, Civil
                                   Division, United States
                                   Department of Justice,
                                   Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED for additional proceedings consistent with this order.

Petitioner Nekpen Nil Omorodion, a native and citizen of Nigeria, seeks review of a July 30, 2018 decision of the BIA vacating a February 12, 2018 decision of an Immigration Judge ("IJ") granting deferral of removal under the Convention Against Torture ("CAT").   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to grant the petition.

In 2014 Omorodion, a permanent resident of the United States, was convicted in the Middle District of Pennsylvania of conspiracy to commit wire

fraud in violation of 18 U.S.C. §§ 1349 and 1343. Omorodion had been complicit in a scheme that used Moneygram and Western Union computer systems to process and transmit money received in fraudulent telemarketing to accomplices across the world. Omorodion testified as a government witness against one of her co-defendants, Itohan Agho-Allen. Agho-Allen was convicted and sentenced to 180 months in prison and ordered to pay restitution in the amount of $2,371,668. Omorodion pleaded guilty to the conspiracy charge and was sentenced principally to a term of 30 months' imprisonment after the Government successfully moved for a downward departure from the applicable Sentencing Guidelines range in light of her cooperation. She was also ordered to pay restitution in the amount of $418,365.42.

In August 2016, after Omorodion finished serving her custodial sentence, the Government filed a Notice to Appear charging Omorodion with removability under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(A)(i) on account of her felony conviction. Omorodion conceded the charges of removability and applied for withholding of removal, see 8 C.F.R. § 1208.16, and deferral of removal, see id. § 1208.17, under the CAT.

In her application for CAT relief, Omorodion stated that she feared that

"Agho-Allen and her associates" would kill her if she returned to Nigeria and that Nigerian authorities would not protect her given their susceptibility to corruption and bribery. Cert. Admin. R. 298. During her removal hearing, Omorodion offered testimony in support of that statement. She also testified that Agho-Allen's mother communicated threats to Omorodion's family in Nigeria and that Agho-Allen's family is very wealthy and influential in that country. She later provided additional evidence in support of those statements, as well as more evidence that the Nigerian police are susceptible to bribery. The IJ granted Omorodion's application for deferral of removal under the CAT and, after an initial remand by the BIA, reaffirmed that decision. In July 2018 the BIA vacated the IJ's grant of CAT relief and ordered Omorodion removed, concluding that Omorodion did not show that she would suffer torture or that public officials would acquiesce in her torture.

Where the BIA does not adopt the IJ's decision, we review the BIA's decision as the final agency decision. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review CAT orders for both factual and legal errors. Nasrallah v. Barr, 140. S. Ct. 1683, 1692 (2020). While we review de novo all questions of law, including the application of law to facts, see Scarlett v. Barr, 957

4

F.3d 316, 326 (2d Cir. 2020), we apply the "substantial evidence" standard in our review of the agency's factual findings, see Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir. 2006).

First, Omorodion argues that the BIA mischaracterized and ignored key evidence. We agree. While the agency "does not commit an error of law every time an item of evidence is not explicitly considered or is described with imperfect accuracy," it errs when it "totally overlook[s]" or "seriously mischaracterize[s]" material evidence. Mendez v. Holder, 566 F.3d 316, 323 (2d Cir. 2009) (quotation marks omitted). Here, the BIA failed to address a key component of an affidavit submitted by Ajibola Godswill Ohushina, Omorodion's half-brother. In addition to corroborating Omorodion's account of a threatening visit to her mother's house by Agho-Allen's mother — which is the only purpose for which the BIA considered Ohushina's affidavit — the affidavit conveyed Ohushina's knowledge that Agho-Allen's mother "has the resources to hurt and even kill [his] sister if she were to return to Nigeria." Cert. Admin. R. 242; see also id. at 243 ("I know that there have been threats against [my sister's] life . . . ."). The affidavit therefore supports Omorodion's statement in her CAT application that Agho-Allen's "family directed numerous

5

threats to [her] family and stated that they will kill [her]." Id. at 298. The BIA erred when it ignored this portion of Ohushina's affidavit without explanation. See Ojo v. Garland, 25 F.4th 152, 174 (2d Cir. 2022) (finding "error in the agency's determination that [the petitioner] was not more likely than not to suffer torture without any apparent consideration of material evidence or, at a minimum, by failing to provide reasoning as to why such evidence was rejected if it was considered"); Poradisova v. Gonzales, 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions . . . and indeed must require such if judicial review is to be meaningful.").

The BIA also erred by failing to apply the clear error standard in its review of the IJ's "predictive finding that [Omorodion] would suffer torture by or with the acquiescence of the Nigerian government." Cert. Admin. R. 5; see 8 C.F.R. § 1003.1(d)(3)(i). As the Government acknowledges, see Oral Arg. Recording at 10:08-34, an IJ's predictive finding constitutes a factual finding, which "may be rejected under clearly erroneous review as speculative only in those instances where the IJ lacks an adequate basis in the record for the determination that a future event will, or is likely to, occur." Hui Lin Huang v. Holder, 677 F.3d 130, 134 (2d Cir. 2012). The BIA determined that the IJ's reliance on testimony from

6

a U.S. Postal Inspector regarding the widespread attention that Omorodion's cooperation received in Nigeria and "reports addressing governmental abuses and corruption in Nigeria," Cert. Admin. R. 4, did not support a conclusion that "Nigerian authorities have any interest" in Omorodion, id. at 5.   The BIA erred insofar as it rested this determination on what it described as Omorodion's fear of torture by Nigerian authorities or the Nigerian authorities' "interest" in her, rather than her fear of torture by Agho-Allen's family, which she asserted had the means to ensure that Nigerian authorities would corruptly turn a blind eye if she were tortured by the family.   Id. at 5.   Omorodion supported her assertion of corruption by offering country conditions reports establishing Nigerian law enforcement's susceptibility to bribes by wealthy and powerful families like Agho-Allen's.   The BIA erred as a matter of law when it overlooked such evidence and rejected the IJ's predictive finding.

To summarize, we grant the petition and remand because the BIA overlooked material components of the record and misconstrued others.   See Xiao Kui Lin v. Mukasey, 553 F.3d 217, 220 (2d Cir. 2009).   Should the BIA vacate the IJ's grant of CAT relief on remand, it should explain where it identifies clear error in the IJ's factfinding based on the totality of the record.   If any

7

vacatur is not due to clear error, the BIA must otherwise "provide sufficient explanation to permit proper appellate review" of its decision. <u>Hui Lin Huang</u>, 677 F.3d at 137.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
